**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESMOND DAVIS, | ) Case No. CV 12-1384-SJO (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| | ) |
| K. ALLISON, Warden, | ) |
| | ) |
| Respondent. | ) |

On February 17, 2012, Petitioner, a state prisoner incarcerated at the prison in Lancaster, California, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Because the Petition suffered from numerous deficiencies, the Court dismissed it with leave to amend. On April 20, 2012, Petitioner filed a First Amended Petition ("FAP"). He raises three claims for relief: (1) his guilty plea was not knowing and voluntary because he was never informed that any parole term would be for life; (2) his guilty plea was not knowing and voluntary because he was never informed of the elements of the offenses to which he pleaded guilty; and (3) the court of appeal impermissibly read the record to construe his guilty plea as

1

1  being to "attempted willful and premeditated murder" rather than

2  simply "attempted murder."  (Pet. at 5-5(g).)

3       Under § 2254(b), habeas relief may not be granted unless a

4  petitioner has exhausted the remedies available in state court.

5  Specifically, a habeas petition "shall not be granted unless it

6  appears that-- (A) the applicant has exhausted the remedies

7  available in the courts of the State; or (B)(i) there is an

8  absence of available State corrective process; or (ii)

9  circumstances exist that render such process ineffective to

10  protect the rights of the applicant."  § 2254(b)(1).  Exhaustion

11  requires that the petitioner's contentions were fairly presented

12  to the state courts and disposed of on the merits by the highest

13  court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.

14  1994).  As a matter of comity, a federal court will not entertain

15  a habeas corpus petition unless the petitioner has exhausted the

16  available state judicial remedies on every ground presented in

17  the petition.  See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct.

18  1198, 1203, 71 L. Ed. 2d 379 (1982).  A federal court may raise

19  the failure-to-exhaust issue sua sponte and may summarily dismiss

20  on that ground.  See Stone v. City & Cnty. of San Francisco, 968

21  F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481

22  U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987).

23       Petitioner acknowledges that ground two of his FAP has never

24  been exhausted (Pet. at 5), but he claims that he faced numerous

25  obstacles in getting his appellate lawyer to raise the claims he

26  wanted and therefore exhaustion should be excused (id. at 5(d)-

27  (f)).  Petitioner does not state whether ground three was ever

28  presented to the California Supreme Court (id. at 6), but it

1  appears that it was not because it relates to a complaint

2  Petitioner has concerning the California Court of Appeal's

3  construction of the record in its opinion on direct appeal, and

4  Petitioner asserts that his state habeas petitions raised only

5  ineffective-assistance-of-counsel claims (id. at 4).  Even if

6  Petitioner raised ground three in his Petition for Review in the

7  California Supreme Court, that would not have exhausted the

8  claim.  Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056,

9  1060, 103 L. Ed. 2d 380 (1989) (holding that submission of new

10  claim to state's highest court on discretionary review does not

11  constitute "fair presentation" for purposes of exhaustion); Casey

12  v. Moore, 386 F.3d 896, 916-18 (9th Cir. 2004) (holding that

13  petitioner had not exhausted claims by presenting them for first

14  and only time in petition for discretionary review with state's

15  highest court).  Petitioner's inclusion of grounds two and three

16  in the FAP thus renders it a "mixed petition" containing both

17  exhausted and unexhausted claims.  Such petitions must generally

18  be dismissed.  See Rose, 455 U.S. at 518.

19      In certain "limited circumstances," a district court may

20  stay a mixed petition and hold it in abeyance while the

21  petitioner exhausts his unexhausted claims in state court.  See

22  Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L.

23  Ed. 2d 440 (2005).  Under Rhines, the prerequisites for obtaining

24  a stay are as follows: (1) the petitioner must show good cause

25  for his failure to exhaust his claims first in state court, (2)

26  the unexhausted claims must not be "plainly meritless," and (3)

27  the petitioner must not have engaged in "abusive litigation

28  tactics or intentional delay."  See id. at 277-78.  Petitioner

1  asserts that his good cause for not exhausting ground two is that

2  his attorney defied his wishes and neglected to raise the claim.

3  (Pet. at 5(d)-(f).)  That would not explain, however, why

4  Petitioner did not raise the claim himself in his state habeas

5  petitions.  Petitioner offers no explanation for why he has not

6  exhausted ground three.

7      IT THEREFORE IS ORDERED that on or before **May 25, 2012**,

8  Petitioner shall (1) file a formal stay-and-abey motion if he

9  believes he can make the requisite showings; (2) voluntarily

10 dismiss the FAP without prejudice pursuant to Federal Rule of

11 Civil Procedure 41(a)(1), with the understanding that any later

12 petition may be time barred under § 2244(d)(1); (3) voluntarily

13 dismiss grounds two and three of the FAP and elect either to

14 proceed on his exhausted claim or seek a stay of the fully

15 exhausted FAP pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir.

16 2003) (allowing for stays of fully exhausted federal petitions

17 without showing of good cause), with the understanding that he

18 will be allowed to amend any newly exhausted claims into the FAP

19 only if those claims are timely and "relate back" to the original

20 claims; or (4) show cause in writing why the Court should not

21 recommend that this action be dismissed without prejudice for

22 failure to exhaust state remedies.

23

24 DATED: April 27, 2012                _____

25                                      JEAN ROSENBLUTH
                                        U.S. MAGISTRATE JUDGE

26

27

28