**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESMOND DAVIS, | ) Case No. CV 12-1384-SJO (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| K. ALLISON, Warden, | ) |
| Respondent. | ) |

On February 17, 2012, Petitioner, a state prisoner incarcerated at the prison in Lancaster, California, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Because the Petition suffered from numerous deficiencies, the Court dismissed it with leave to amend. On April 20, 2012, Petitioner filed a First Amended Petition ("FAP"). He raises three claims for relief: (1) his guilty plea was not knowing and voluntary because he was never informed that any parole term would be for life; (2) his guilty plea was not knowing and voluntary because he was never informed of the elements of the offenses to which he pleaded guilty; and (3) the court of appeal impermissibly read the record to construe his guilty plea as

being to "attempted willful and premeditated murder" rather than simply "attempted murder." (Pet. at 5-5(g).)

Under § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Specifically, a habeas petition "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1). Exhaustion requires that the petitioner's contentions were fairly presented to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987).

Petitioner acknowledges that ground two of his FAP has never been exhausted (Pet. at 5), but he claims that he faced numerous obstacles in getting his appellate lawyer to raise the claims he wanted and therefore exhaustion should be excused (id. at 5(d)-(f)). Petitioner does not state whether ground three was ever presented to the California Supreme Court (id. at 6), but it

appears that it was not because it relates to a complaint Petitioner has concerning the California Court of Appeal's construction of the record in its opinion on direct appeal, and Petitioner asserts that his state habeas petitions raised only ineffective-assistance-of-counsel claims (id. at 4). Even if Petitioner raised ground three in his Petition for Review in the California Supreme Court, that would not have exhausted the claim. Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989) (holding that submission of new claim to state's highest court on discretionary review does not constitute "fair presentation" for purposes of exhaustion); Casey v. Moore, 386 F.3d 896, 916-18 (9th Cir. 2004) (holding that petitioner had not exhausted claims by presenting them for first and only time in petition for discretionary review with state's highest court). Petitioner's inclusion of grounds two and three in the FAP thus renders it a "mixed petition" containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Rose, 455 U.S. at 518.

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner exhausts his unexhausted claims in state court. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005). Under Rhines, the prerequisites for obtaining a stay are as follows: (1) the petitioner must show good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78. Petitioner

asserts that his good cause for not exhausting ground two is that his attorney defied his wishes and neglected to raise the claim. (Pet. at 5(d)-(f).) That would not explain, however, why Petitioner did not raise the claim himself in his state habeas petitions. Petitioner offers no explanation for why he has not exhausted ground three.

IT THEREFORE IS ORDERED that on or before **May 25, 2012**, Petitioner shall (1) file a formal stay-and-abey motion if he believes he can make the requisite showings; (2) voluntarily dismiss the FAP without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1); (3) voluntarily dismiss grounds two and three of the FAP and elect either to proceed on his exhausted claim or seek a stay of the fully exhausted FAP pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), with the understanding that he will be allowed to amend any newly exhausted claims into the FAP only if those claims are timely and "relate back" to the original claims; or (4) show cause in writing why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

DATED: <u>April 27, 2012</u>

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE