


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMOND DAVIS,<br><br>    Petitioner,<br><br>    vs.<br><br>K. ALLISON, Warden,<br><br>    Respondent. | Case No. CV 12-1384-SJO (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the First Amended Petition ("FAP"), records on file, and Report and Recommendation ("R&R") of the U.S. Magistrate Judge. On July 8, 2013, after one extension of time, Petitioner filed Objections to the R&R, several of which simply reargue the FAP. Some of Petitioner's objections to the R&R, however, warrant a response.

Petitioner argues that the Magistrate Judge incorrectly found that he does not challenge the sufficiency of the evidence. (Objections at 5; see also R&R at 4 ("Because Petitioner does not challenge the sufficiency of the evidence, the Court adopts the following statement of facts from the California Court of Appeal opinion on direct appeal as a fair and accurate summary of the

1 evidence presented at trial.").)[1] In support, Petitioner points
2 to arguments in his Reply that the state had "no physical
3 evidence" and "no eyewitness identification" connecting him to
4 the crime. (Objections at 5 (citing Reply at 5).) Claims raised
5 for the first time in a reply are not properly before the court.
6 Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008).
7 In any event, Petitioner made those arguments in an attempt to
8 show that he would not have pleaded guilty had he known about the
9 mandatory parole term, not to show that insufficient evidence
10 supported his conviction. (See, e.g., Reply at 7.) Nothing
11 indicates that Petitioner sought to raise a separate sufficiency-
12 of-the-evidence claim (see, e.g., FAP at 5 (listing grounds for
13 relief)), which would have made little sense given that
14 Petitioner's conviction was the product of a no-contest plea.

15     To the extent Petitioner argues that given the allegedly
16 weak evidence, he would not have pleaded guilty had he known he
17 would be subject to lifetime parole, that argument fails because
18 it conflicts with the following facts, as laid out in the R&R
19 (R&R at 20-21): 10 jurors voted to convict him based on the
20 evidence presented at trial; the trial court observed, after
21 presiding over the trial, that the evidence against Petitioner
22 was "strong"; and Petitioner assured the court that "knowing
23 basically the evidence that the People have against [him]," he
24 believed the plea to be in his best interest. (See Lodged Doc.
25 1, Rep.'s Tr. at 1-4, 16, 22.) Petitioner's self-serving
26 statements are therefore insufficient to show that the state
27 _____
28     [1] The R&R also notes that "[t]he Court has nonetheless independently reviewed the state-court record." (R&R at 4.)

1  courts were unreasonable when they found that he would not have
2  pleaded guilty had he known that he would be subject to lifetime
3  parole. Cf. Turner v. Calderon, 281 F.3d 851, 881 (9th Cir.
4  2002) ("self-serving statement" insufficient to raise claim for
5  relief).
6      Petitioner erroneously contends that the Magistrate Judge
7  "ignore[d] circuit precedent that holds a mandatory parole term
8  is a direct consequence of a guilty plea." (Objections at 7
9  (internal quotation marks omitted).) In fact, after correctly
10 finding that "no holding of the Supreme Court clearly establishes
11 that a defendant must be advised of the length of a parole term"
12 and therefore that Petitioner was not entitled to relief (R&R at
13 17), see Marshall v. Rodgers, 569 U.S. __, 133 S. Ct. 1446, 1450,
14 185 L. Ed. 2d 540 (2013) (circuit precedent may not be used in
15 habeas cases to "refine or sharpen a general principle of Supreme
16 Court jurisprudence into a specific legal rule that this Court
17 has not announced"), the Magistrate Judge nevertheless went on to
18 conclude that Petitioner's claim failed even under Ninth Circuit
19 precedent (see R&R at 14-15, 18).
20     Petitioner also contends that the Magistrate Judge's
21 "standard of law for showing prejudice, requiring a petitioner
22 show that he would not have pleaded guilty, is more onerous than
23 the Supreme Court's standard, requiring only a reasonable
24 probability that he would not have entered the plea."
25 (Objections at 6-7 (citations, internal quotation marks,
26 alterations, and some punctuation omitted).) Petitioner relies
27 on United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.
28 Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004), but that case dealt

with what showing must be made on direct review to obtain relief for an "unpreserved" violation of Federal Rule of Criminal Procedure 11; it did not set forth the standard to be applied on habeas review when the state court's decision is entitled to AEDPA deference.[2] See id. at 76; see also id. at 83 (emphasizing that "the violation claimed was of Rule 11, not of due process"). Indeed, throughout his Objections Petitioner confuses the standards applicable to AEDPA review with review in other circumstances. (See, e.g., Objections at 4-5, 10-11, 14.) In any event, for the reasons outlined in the R&R (see R&R at 18-21), Petitioner has failed to establish any probability — reasonable or otherwise — that he would not have entered a plea and would have gone to trial had he known of the mandatory lifetime parole term.

Petitioner's challenge to the Magistrate Judge's findings regarding the substance of his motion to set aside the plea fails because it is based on a misrepresentation of the evidence. (Objections at 10.) In finding that the state courts did not unreasonably err in determining that the lifetime-parole term was not a key factor in Petitioner's decision to enter a plea, the Magistrate Judge noted that Petitioner claimed to have learned that he would be subject to lifetime parole before hiring new counsel to move to recall the judgment and set aside the plea, but he nevertheless "failed to even raise that issue in his motion to the trial court." (R&R at 19.) Petitioner contends

---

[2] The Rule 11 error in Dominguez Benitez was the district court's "fail[ure] to mention that [defendant] could not withdraw his plea if the court did not accept the Government's recommendations" in the plea agreement. 542 U.S. at 78.

1  that he did, in fact, raise that issue, because his motion
2  "asserted that he was not advised of the consequences of his
3  plea" and "[t]he record demonstrates that the only consequence of
4  his plea that he was not advised of was the life-time period of
5  parole." (Objections at 10.) But as discussed in the R&R (R&R
6  at 19-20), Petitioner's motion actually stated that he "did not
7  understand the consequences of [the] plea" because he "believed
8  that he would be leaving prison in 15yrs" and "did not know he
9  was pleading guilty and being sentenced to two life terms" in
10 prison (Supp. Lodged Doc. 1, Clerk's Tr. at 232).
11      Petitioner also challenges the Magistrate Judge's rejection
12 of his argument that ground two of the FAP was "exempt from
13 exhaustion" because the state courts would find it procedurally
14 barred under In re Clark, 5 Cal. 4th 750, 786, 797, 21 Cal. Rptr.
15 2d 509, 533, 539 (1993) (holding habeas petition filed after
16 substantial, unjustified delay should be dismissed), and Ex Parte
17 Dixon, 41 Cal. 2d 756, 759, 264 P.2d 513, 515 (1953) (holding
18 that, in general, petitioners may not raise habeas claims that
19 "could have been, but were not, raised upon a timely appeal from
20 a judgment of conviction"). (Objections at 14-15.) If it were
21 "clear" that Petitioner's claim would be procedurally barred if
22 presented to the state court, the exhaustion requirement would be
23 satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S.
24 Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88
25 F.3d 828, 831 (9th Cir. 1996). Here, however, there remains a
26 possibility that the California Supreme Court would consider
27 ground two because the procedural bars imposed under Clark and
28 Dixon are permissive, not mandatory. See Walker v. Martin, 562

5

1  U.S. ___, 131 S. Ct. 1120, 1128, 179 L. Ed. 2d 62 (2011) (noting
2  that California's timeliness rule for filing habeas petition is
3  "discretionary"); Clark, 5 Cal. 4th at 797 (holding that although
4  "it should not be inflexible," "general rule" is that "absent
5  justification," untimely petitions will be summarily denied);
6  Dixon, 41 Cal. 2d at 759 (recognizing that claims may not be
7  procedurally barred for failure to raise them on direct appeal if
8  "special circumstances" exist "constituting an excuse"); see also
9  In re Robbins, 18 Cal. 4th 770, 805-13, 77 Cal. Rptr. 2d 153,
10 176-82 (1998) (recognizing that substantially delayed claim can
11 be considered on merits if petitioner demonstrates "good cause"
12 for delay or if exception applies); In re Harris, 5 Cal. 4th 813,
13 829-41, 21 Cal. Rptr. 2d 373, 380-89 (1993) (recognizing
14 exceptions to Dixon rule). Because it is uncertain whether the
15 California Supreme Court would entertain a petition raising
16 ground two, that claim is unexhausted. See Johnson v. Lewis, 929
17 F.2d 460, 464 (9th Cir. 1991) (finding claim unexhausted because
18 "[a]n Arizona court may decide that [state law] does not bar
19 consideration of [petitioner's] unexhausted due process claim and
20 proceed to grant him the relief he has requested"); Carrillo v.
21 Gonzales, No. CV 09-0047-JSL (JEM), 2010 WL 466025, at *5 (C.D.
22 Cal. Feb. 5, 2010) ("Even if it is uncertain whether the
23 California Supreme Court will entertain a renewed petition
24 raising Ground Five, the claim is still unexhausted.").
25     Indeed, as noted in the R&R (R&R at 25), here the California
26 Supreme Court could potentially entertain ground two because
27 Petitioner asserts that he had "cause" for not raising it on
28 direct review: that he faced numerous obstacles in getting his

1 appellate lawyer to raise the claims he wanted (FAP at 5(d)-
2 5(f)). Although Petitioner argues without explanation that his
3 justification for failing to raise his claim on direct review
4 does not satisfy an "exception" to the relevant procedural bars
5 (Objections at 14-15), the California state courts may
6 appropriately make that determination, not this Court, see
7 Cassett v. Stewart, 406 F.3d 614, 622-23 (9th Cir. 2005) (noting
8 that Arizona state courts are better suited to determine whether
9 claim is waived, and thus procedurally defaulted, because
10 determination "may require both a fact-intensive inquiry, and an
11 application of Arizona's complex case law on waiver"); see
12 generally Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004)
13 ("Principles of comity and federalism counsel against
14 substituting our judgment for that of the state courts . . . .").

15 Finally, Petitioner misses the mark in arguing that the
16 Magistrate Judge should have given him an opportunity to respond
17 before observing, in a footnote, that "even if" ground two were
18 exhausted because a procedural bar prevented Petitioner from
19 presenting it to the state courts, it would "likely" be subject
20 to procedural default. (Objections at 16 (citing Boyd v.
21 Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998) ("A habeas court
22 must give a petitioner notice of the procedural default and an
23 opportunity to respond to the argument for dismissal.")); see
24 also R&R at 26 n.6.) The Magistrate Judge did not determine that
25 ground two was procedurally defaulted; rather, she clearly and
26 appropriately determined that it was unexhausted, and Petitioner
27 thereafter dismissed it. (See R&R at 26; see also Sept. 4, 2012
28 Minute Order at 2 ("because grounds two and three of the FAP are

7

unexhausted, the FAP remains a 'mixed' petition subject to dismissal").) Moreover, Petitioner had ample opportunity to respond to the argument that ground two was unexhausted, and in fact he did so on three occasions. (See Apr. 27, 2012 Order to Show Cause (notifying Petitioner that claim two appeared to be unexhausted and ordering him to respond); see generally Answer to Order to Show Cause Why Action Should Not Be Dismissed Without Prejudice; Mot. for New Trial; Objections.)

### III. Conclusion

Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that (1) the Petition is denied without leave to amend, (2) Petitioner's motion for reconsideration is denied, and (3) Judgment be entered dismissing this action with prejudice.

DATED: August 8, 2013.

S. JAMES OTERO
U.S. DISTRICT JUDGE